NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER A. AYALA, AKA Walter Alexis Ayala Garcia, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  19-72002 <br><br> Agency No. A088-966-700 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Pasadena, California

Before:  KLEINFELD, HIGGINSON,[***] and OWENS, Circuit Judges.

Walter A. Ayala, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of his untimely motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

reopen his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

We previously remanded so that the BIA could consider "Ayala's family-membership basis for relief" for his motion to reopen, which the BIA had overlooked. *Ayala v. Whitaker*, 747 F. App'x 549, 550 (9th Cir. 2018).

On remand, the BIA did not abuse its discretion in denying Ayala's motion to reopen because Ayala failed to show that he was prima facie eligible for asylum or withholding of removal based on his family membership. *See Agonafer*, 859 F.3d at 1204 (stating that "[t]o prevail on a motion to reopen on the basis of changed country conditions," a petitioner must show, among other things, "prima facie eligibility for the relief sought" (citation omitted)); *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (stating that to establish prima facie eligibility for asylum or withholding of removal based on a particular social group, an applicant's burden includes showing "a risk of persecution on account of his membership in the specified particular social group," which "is often referred to as the 'nexus' requirement" (citation omitted)).

In his opening brief, Ayala does not raise the BIA's determination that he

failed to establish his eligibility for CAT protection, and therefore he has waived that issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

**PETITION FOR REVIEW DENIED**.